UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BRAWLEY CITY COUNCIL and THE CITY of BRAWLEY, CALIFORNIA, and DOES 1 through 5, inclusive,<br>        Defendants. | Case No.: 21-cv-02153 AJB AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**<br><br>**(Doc. No. 8)** |

Presently before the Court is Plaintiff Vertical Bridge Development, LLC's ("Plaintiff") motion to strike Defendants Brawley City Council and The City of Brawley, California's (collectively, "Defendants") affirmative defenses under Federal Rule of Civil Procedure 12(f). (Doc. No. 8.) Defendants filed an opposition, to which Plaintiff replied. (Doc. Nos. 10, 11.) For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I. BACKGROUND[1]

Plaintiff constructs, operates, and manages telecommunication infrastructure across the United States. (Doc. No. 1 ¶ 17.) Plaintiff sought to construct a 110-foot wireless

---

[1] The following facts are gleaned from Plaintiff's Complaint. (Doc. No. 1.)

1  communications tower near a park located at 221 East Magnolia Street, Brawley,
2  California. (*Id*. ¶¶ 1, 33, 36.) The park is owned by The City of Brawley. (*Id*. ¶ 26.) The
3  Brawley City Council approved the lease for the planned construction on March 16, 2021,
4  and on April 1, the City Manager executed it. (*Id*. ¶¶ 37, 39.) The parties stipulated in the
5  option and lease agreement that the premises were "being leased for the purpose of
6  erecting, installing, operating and maintaining . . . communication towers[.]" (*Id*. ¶ 41.)
7  Plaintiff was informed that no zoning action was required to construct the tower on the
8  leased property because the relevant city ordinance allowed the use by right on city-owned
9  properties. (*Id*. ¶ 60.)

Then, in the summer of 2021, the public began to oppose the construction of the tower. (*Id*. ¶ 62.) Plaintiff alleged that due to public concern, city officials deviated from established administrative approval procedures, and instead set a hearing before the Brawley Planning Commission regarding the decision to construct the tower. (*Id*. ¶ 63.) At the hearing, the Planning Commission voted to recommend denial of the construction of the tower. (*Id*. ¶ 66.) Plaintiff alleged that the Planning Commission did not provide reasons for its recommendation. (*Id*.) On October 5, 2021, the Brawley City Council denied Plaintiff's request to construct the tower. (*Id*. ¶ 86.)

On December 31, 2021, Plaintiff filed a Complaint asserting the following causes of action: (1) violation of 47 U.S.C. § 332(c)7(B)(iii)—lack of substantial evidence under the Telecommunications Act of 1996 ("TCA"); (2) violation of 47 U.S.C. § 332(c)7(B)(i)(I)—discrimination between providers of equivalent services; (3) declaratory relief; (4) breach of contract; and (5) breach of the duty of good faith and fair dealing. (*Id*. ¶¶ 88–144.) Defendants subsequently filed an Answer listing nineteen affirmative defenses. (Doc. No. 4.) The instant motion to strike Defendants' affirmative defenses followed.

## II.   LEGAL STANDARD

### A. Motion to Strike

Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule

12(f) motions are generally "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). "However, where the motion may have the effect of making the trial of the action less complicated or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Comm'n v. United States*, 512 F.Supp. 36, 38 (N.D. Cal. 1981). After all, the policy underlying Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to grant a motion to strike ultimately lies within the discretion of the district court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993).

**B. Pleading Affirmative Defenses**

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013) (citation omitted). To determine whether a defendant has sufficiently pled an affirmative defense, the key consideration is whether the pleading "gives the plaintiff *fair notice* of the defense." *Id.* (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012); *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). While "fair notice" does not require a detailed recitation of facts, some fact or argument must be presented for the court to conclude that the defense asserted is indeed an affirmative defense. *Baker v. Ensign*, No. 11-cv-2060 BAS (WVG), 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014). The defendant must articulate the affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." *Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.,* No. 07-cv-634 IEG (LSP), 2007 WL 2070355, at *2 (S.D. Cal. July 23, 2007) (citation omitted). "If an affirmative defense is stricken under Rule 12(f), leave to amend should be freely given so long as there is no prejudice to the opposing party." *Stevens v. Corelogic,*

*Inc.*, No. 14-cv-1158 BAS (JLB), 2015 WL 7272222, at *3 (S.D. Cal. Nov. 17, 2015) (internal quotation marks and citation omitted).

### III.  DISCUSSION

Plaintiff moves to strike each of Defendants' nineteen affirmative defenses, arguing (A) they are not actually affirmative defenses and (B) their pleadings fail to provide fair notice of the defenses. (Doc. No. 8 at 2 ¶¶ 4, 5.) The Court discusses the arguments in turn.

#### A. Non-Affirmative Defenses

The Court first addresses those affirmative defenses Plaintiff argues should be stricken because they are not affirmative defenses. (Doc. No. 8-1 at 5, 6.) An affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Benefit Plan Non-Bargained Program*, 718 F.Supp.2d 1167, 1173 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.*, No. 96–1691, 1997 WL 468330, at *3 (6th Cir. 1997)). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

#### 1.  First Affirmative Defense—Failure to State a Claim

To begin, the Court finds Defendants' first affirmative defense (failure to state a claim) is not an affirmative defense. *See J&J Sports Prods., Inc. v. Juarez*, No. 15-cv-1477 LAB (BLM), 2016 WL 795891, at *1 (S.D. Cal. Mar. 1, 2016) (holding failure to state a claim is not an affirmative defense). Failure to state a claim "is better understood as a denial of plaintiff's allegations rather than as an affirmative defense." *Perez v. Gordon & Wong L. Grp., P.C.*, No. 11-cv-03323 (LHK), 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012). Accordingly, the Court **STRIKES** Defendants' first affirmative defense **WITHOUT LEAVE TO AMEND**.

//
//
//

## 2. Sixth & Seventh Affirmative Defenses—Satisfaction of Claims & All Duties Discharged

The sixth (satisfaction of claims) and seventh (all duties discharged) affirmative defenses bear on the contract issues in this litigation and do not appear to simply negate the elements of Plaintiff's claim. *See Barnes*, 718 F.Supp.2d at 1173; *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."). Moreover, in support of the asserted defenses, Defendants allege that there is no lease agreement, that there was only an unexercised option to enter into a potential lease, and that Plaintiff has "received all sums and benefits due it, if any, by virtue of any alleged agreement" with Defendants and that they "have performed and fully discharged all obligations or legal duties, if any, owed to Plaintiff." (Doc. No. 4 at 4 ¶¶ 30, 37; 15 ¶¶ 6, 7.) The Court finds these assertions sufficient to put Plaintiff on fair notice of the defenses being pled. Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' sixth and seventh affirmative defenses.

## 3. Thirteenth Affirmative Defense—Causation

Defendants' thirteenth affirmative defense (causation) is not an affirmative defense. *See J&J*, 2016 WL 795891, at *1 (holding lack of causation is not an affirmative defense). Defendants' assertion that they did not cause Plaintiff's loss or damage merely negates an element of Plaintiff's claim. As previously mentioned, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088. Therefore, the Court **STRIKES** Defendants' thirteenth affirmative defense **WITHOUT LEAVE TO AMEND.**

## 4. Fourteenth Affirmative Defense—Failure of Consideration

Defendants' fourteenth affirmative defense (failure of consideration) appears to be a proper affirmative defense. *See, e.g., Facebook, Inc. v. Rankwave Co.*, No. 19-cv-03738 JST, 2020 WL 4460550, at *3 (N.D. Cal. May 1, 2020) (holding failure of consideration under California law is an affirmative defense). However, Defendants failed to state the

nature and grounds of the affirmative defense. They provided only a conclusory statement that "Plaintiff's recovery against Defendants is barred due to a lack of consideration or a failure of consideration." (Doc. No. 4 at 16 ¶ 14.) Without some fact or argument to support the asserted defense, the Court does not find it gives Plaintiff fair notice of the grounds upon which the defense rests. Therefore, the Court **STRIKES** Defendants' fourteenth affirmative defense **WITH LEAVE TO AMEND**.

### 5. Fifteenth Affirmative Defense—Lack of Standing

Under Rule 12(f), a court may strike pleadings on its own. Fed. R. Civ. P. 12(f). Defendants list lack of standing as their fifteenth affirmative defense. "Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." *J&J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011) (citation omitted). Although Plaintiff does not specifically argue this contention, the Court finds it appropriate to strike Defendants' fifteenth affirmative defense on the grounds that it is not an affirmative defense. *See id.* Thus, the Court **STRIKES** Defendants' fifteenth affirmative defense **WITHOUT LEAVE TO AMEND**.

### 6. Seventeenth & Eighteenth Affirmative Defenses—Denial Supported by Substantial Evidence & No Discrimination

Defendants' seventeenth (denial supported by substantial evidence) and eighteenth (no discrimination) affirmative defenses are merely restatements of negative defenses already presented elsewhere in the answer. These defenses are therefore redundant under Rule 12(f) and will be struck "to simplify and streamline the litigation." *Barnes*, 718 F.Supp.2d at 1174. Accordingly, the Court **STRIKES** Defendants' seventeenth and eighteenth affirmative defenses **WITHOUT LEAVE TO AMEND**.

### 7. Nineteenth Affirmative Defense—No Prohibition

Defendants' nineteenth defense (no prohibition) simply negates an element of a TCA claim and is therefore not an affirmative defense. *See T-Mobile USA, Inc. v. City of Anacortes*, 572 F.3d 987, 993 (9th Cir. 2009). Under the TCA, "a plaintiff must establish

either an outright prohibition or an effective prohibition on the provision of telecommunications services."). Accordingly, the Court **STRIKES** Defendants' nineteenth defense **WITHOUT LEAVE TO AMEND.**

### B. Lack of Fair Notice

Next, the Court addresses the remaining affirmative defenses that Plaintiff argues should be stricken because they fail to put Plaintiff on fair notice of the defense being asserted. (Doc. No. 8-1 at 3–5.)

#### 1. Second & Third Affirmative Defenses—Plaintiff's Breach of Contract & Excuse for Performance

Defendants' second affirmative defense (Plaintiff's breach of contract) and third affirmative defenses (excuse for performance) are insufficient to put Plaintiff on fair notice. Although a detailed statement of facts is not required, the defense must give notice of the nature and grounds upon which it rests. *Roe*, 289 F.R.D. at 608. Here, Defendants offer only conclusory allegations. Without some facts or arguments explaining the basis of the asserted breach of contract and excuse for performances defenses, the Court does not find their pleadings satisfy the fair notice standard. Therefore, the Court **STRIKES** Defendants' second and third affirmative defenses **WITH LEAVE TO AMEND.**

#### 2. Fourth, Fifth, Eighth, Ninth, Tenth, & Eleventh—Estoppel, Waiver, Setoff, Unclean Hands, Statute of Limitations, & Laches

Several of Defendants' affirmative defenses merely state a legal doctrine—such as the doctrine of estoppel or waiver—without providing a factual basis for the defense. The listed affirmative defenses are nothing more than boilerplate assertions and fail for lack of fair notice. For example, Defendants' fourth affirmative defense alleges that "Plaintiff is barred from any recovery against Defendants by the doctrine of estoppel." (Doc. No. 4 at 14 ¶ 4.) Simple identification of defenses is insufficient to provide fair notice. *Roe*, 289 F.R.D. at 608. Moreover, Defendants' tenth affirmative defense alleges that "Plaintiff's claims are barred by the applicable statute of limitations," but then fails to provide the applicable statute. (Doc. No. 4 at 15 ¶ 10.) *See Islands*, 280 F.R.D. at 567–68 (finding a

statute of limitations defense insufficiently pled where the defendant did not identify the applicable statute and citing *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) in support). The rest of the affirmative defenses listed in this section fail for the same reasons. Accordingly, the Court **STRIKES** Defendants' fourth, fifth, eighth, ninth, tenth, and eleventh affirmative defenses **WITH LEAVE TO AMEND**.

### 3. Twelfth Affirmative Defense—Failure to Mitigate Damages

Plaintiff's contention that Defendants' twelfth affirmative defense (failure to mitigate damages) does not provide fair notice and therefore must be struck is unconvincing. Defendants alleged that "Plaintiff has failed, neglected and refused to mitigate its alleged damages." (Doc. No. 4 at 16 ¶ 12.) Several courts have allowed parties to plead a failure to mitigate damages defense without providing supporting factual allegations prior to the close of discovery. *See, e.g., Ganley v. Cnty. of San Mateo*, No. C06-3923 (TEH), 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.") (quoting *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F.Supp.2d 788, 800 (N.D. Ill. 2002)). The Court finds this reasoning persuasive as discovery has not yet concluded, and additional supporting facts may come to light. Therefore, the Court finds that Defendants need not plead additional facts at this time. Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' twelfth affirmative defense.

### 4. Sixteenth Affirmative Defense—Failure to Exercise Option

The Court finds unavailing Plaintiff's argument that Defendants' sixteenth affirmative defense (failure to exercise option) is insufficient. Defendants alleged that "Plaintiff's recovery against Defendants is barred because Plaintiff has never exercised its option under the Option Agreement and there is no lease in effect." (Doc. No. 4 at 16 ¶ 16.) The Court finds this statement sufficient to put Plaintiff on fair notice of the affirmative defense being raised. While Defendants do not allege specific facts explaining how Plaintiff has not exercised its option, it describes the defense in general terms and provides

the grounds upon which it rests. Thus, the Court **DENIES** Plaintiff's motion to strike Defendants' sixteenth affirmative defense.

### IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike and enters the following **ORDERS**:

- Defendants' first, thirteenth, fifteenth, seventeenth, eighteenth, and nineteenth affirmative defenses are **STRICKEN WITHOUT LEAVE TO AMEND**;
- Defendants' second, third, fourth, fifth, eighth, ninth, tenth, eleventh, and fourteenth affirmative defenses are **STRICKEN WITH LEAVE TO AMEND**; and
- Plaintiff's motion to strike Defendants' sixth, seventh, twelfth, and sixteenth affirmative defenses is **DENIED**.

Should Defendants wish to file an amended answer consistent with this Order, they must do so no later than July 11, 2022 and attach a redlined version as an exhibit to the filing.

**IT IS SO ORDERED.**

Dated: June 28, 2022

Hon. Anthony J. Battaglia
United States District Judge