UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRAWLEY CITY COUNCIL and THE CITY OF BRAWLEY, CALIFORNIA, and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 21-cv-02153-AJB-LR<br><br>**ORDER ON PLAINTIFF'S VOLUNTARY MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**(Doc. No. 79)** |

## I.  BACKGROUND

This action arises from Brawley City Council and the City of Brawley, California's (collectively, "Defendants") decision to deny Vertical Bridge Development, LLC's ("Plaintiff") permission to construct a telecommunications tower in a city-owned park. On December 31, 2021, Plaintiff filed a Complaint against Defendants alleging five causes of actions—three federal claims and two state law claims. (Doc. No. 1.) Specifically, Plaintiff alleged federal claims under the Telecommunications Act of 1996 ("TCA") for Lack of Substantial Evidence (Count I), Discrimination Between Providers of Equivalent Services (Count II), and Declaratory Relief under 28 U.S.C. §§ 2201-2202 (Count III), and state law

claims for Breach of Contract (Count IV) and Breach of Duty of Good Faith and Fair Dealing (Count V). (*Id.*)

Defendants filed an Answer, and Plaintiff filed a motion to strike affirmative defenses, which the Court granted in part and denied in part. (Doc. Nos. 4, 8, 19.) Defendants then filed an Amended Answer. (Doc. No. 21.)

During an Early Neutral Evaluation ("ENE") and Case Management Conference, the parties agreed, in consultation with the Magistrate Judge, to proceed with litigating the federal TCA claims before proceeding with the state law contract claims. To that end, the parties filed cross-motions for partial summary judgment on the TCA claims (Counts I, II, and III). (Doc. Nos. 50, 65.) On March 24, 2023, the Court granted summary judgment on the federal claims in favor of Defendants. (Doc. No. 78.)

Before the Court is Plaintiff's voluntary motion to dismiss without prejudice the state law contract claims remaining in its Complaint. (Doc. No. 79.) Defendants filed an opposition, arguing that dismissal should be conditioned upon Plaintiff paying Defendants' fees and costs incurred in defense of the contract claims. (Doc. No. 84.) Upon review of the parties' briefing, the Court ordered Defendants file a supplemental brief "clearly delineating and explaining the fees and costs incurred to defend against the contract claims ONLY." (Doc. No. 85 (emphasis in original).) For the reasons set forth below, the Court **GRANTS** Plaintiff's voluntary dismissal without prejudice, conditioned on Plaintiff's paying Defendants' costs and fees in the amount of $18,241.98.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(a)(1) permits voluntary dismissal by the plaintiff without court order by either filing a notice of dismissal before the opposing party has served an answer or motion for summary judgment, or a stipulation of dismissal by all parties who have appeared. Where dismissal under Rule 41(a)(1) is not available, Rule 41(a)(2) permits an action to be "dismissed at the plaintiff's request" by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion.

*Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) (internal citation omitted). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).

### III.   DISCUSSION

In resolving a Rule 41(a)(2) motion, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See Sherman v. Yahoo! Inc.*, No. 13cv0041-GPC-WVG, 2015 WL 473270 at *2 (S.D. Cal. Feb. 5, 2015) (citing Fed R. Civ. P. 41(a)(2); *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)). The Court considers these determinations in turn.

####   A.   Whether to Allow Dismissal

As to the first determination, the Court must consider whether to allow dismissal. Ultimately, a district court should grant the motion for voluntary dismissal under Rule 41(a)(2) "unless the defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975. Plaintiff argues dismissal is proper because no party has invested any material effort or expense in litigating the contract claims, and the motion was timely filed after the Court's adjudication on the federal claims. (Doc. No. 79 at 2.) Defendants contend Plaintiff ignores the significant work to defend the contract claims that occurred before the parties agreed to bifurcate the claims. (Doc. No. 84 at 6.)

The Court concludes Defendants did not establish that dismissal would cause legal prejudice. To establish legal prejudice, the defendant must demonstrate "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westland Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Here, Defendants contend they will be prejudiced because of expenses incurred and Plaintiff's ability to refile the contract claims. (Doc. No. 84 at 7.) However, "uncertainty because a dispute remains unresolved," "threat of future litigation," and "expenses incurred in defending a lawsuit" do not establish legal prejudice.

*Westland Water Dist.*, 100 F.3d at 96, 97. Accordingly, for the first determination, the Court allows a voluntary dismissal.

### B.     Whether Dismissal Should be With or Without Prejudice

The Court next considers whether the dismissal of Vertical Bridge's contract claims should be with or without prejudice. Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. Fed. R. Civ. P. 41(a)(2). "Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (internal citation omitted). Courts should consider the following factors when determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443–44 (alteration in original) (internal citation omitted).

To begin, the record does not demonstrate excessive expense and effort in defending against the contract claims. As previously noted, the parties agreed to litigate the federal claims first and were not obligated to conduct discovery on the contract claims. Thus, the Court finds the first factor supports a dismissal without prejudice.

With respect to the second factor, Plaintiff asserts it did not delay in requesting dismissal of this action. (Doc. No. 79 at 2.) Rather, Plaintiff filed its motion shortly following this Court's adjudication of the federal claims and well before the parties invested in litigation of the contract claims. (*Id.*) The Court agrees. Plaintiff filed its motion six weeks after the Court issued the Order adjudicating the federal claims. (Doc. Nos. 78, 79.) There is no indication of excessive delay or lack of diligence on Plaintiff's part. The Court concludes the second factor supports dismissal without prejudice.

Lastly, the Court considers whether Plaintiff provided a sufficient explanation for dismissal. According to Plaintiff, the primary purpose of its lawsuit was to seek the right

1  under federal law to construct a cell tower to carry out its core business. (Doc. No. 82 at
2  2.) Plaintiff explains that when the federal claims were adjudicated, it could no longer
3  pursue its business objectives and is therefore requesting dismissal of the state law contract
4  claims remaining in the Complaint. (*Id.*) Plaintiff represents that it is not requesting
5  dismissal of the remaining claims to prejudice defendant or gain tactical advantage. (*Id.*)
6  In Plaintiff's own words, "Vertical Bridge has no plan at all to refile its Contract Claims.
7  Rather, Vertical Bridge has chosen to conclude this litigation and move forward in pursuit
8  of its core business, not litigation against the City." (*Id.*) The Court is satisfied with
9  Plaintiff's explanation and finds it sufficient to support a dismissal without prejudice. *See*
10 *also United States v. Paulson*, 68 F.4th 528, 547 n. 28 (9th Cir. 2023) ("We have long
11 recognized that '[t]he application of judicial estoppel is not limited to bar the assertion of
12 inconsistent positions in the same litigation, but is also appropriate to bar litigants from
13 making incompatible statements in two different cases.'" (quoting H*amilton v. State Farm*
14 *Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001)).

   Upon consideration of the relevant factors, the Court concludes the motion to
16 dismiss should be granted without prejudice.

   **C.   Terms and Conditions**

   Finally, the Court considers whether the dismissal of Plaintiff's contract claims
19 should be conditioned upon a payment of fees and costs. The Ninth Circuit has consistently
20 held that to protect a defendant's interest, a court may condition "the dismissal without
21 prejudice upon the payment of appropriate costs and attorney fees." *Westland Water Dist.*,
22 100 F.3d at 97 (internal citations omitted).

   Plaintiff argues Defendants did not incur fees or costs related solely to the contract
24 claims, and therefore, the dismissal without prejudice should not be conditioned on any
25 payment. (Doc. No. 87 at 2.) Defendants submitted invoices totaling over $65,000, but
26 none readily delineate what amounts were attributable solely to work on the contract
27 claims. Defendants' vague assertion that these expenses were for work they believe to be
28 reasonably related to the contract claims is insufficient—especially considering the Court's

directive to specify the "fees and costs incurred to defend against the contract claims ONLY." (Doc. No. 85.) The Court thus rejects Defendants' generalized explanation and declines to award the full amount requested.

Instead, the Court awards only those fees and costs the record shows as reasonably and necessarily incurred to defend against Plaintiff's contract claims—that is, expenses incurred for work on the Answer, motion to strike, Rule 26 requirements, and the ENE. These pleadings and proceedings occurred prior to the parties' agreement to pause efforts on the contract claims, and thus, reasonably entailed work to defend against the contract claims. Moreover, because the contract claims comprise two of the five causes of action in the Complaint, the Court awards 40% of each invoice related to work on the Answer, Motion to Strike, Rule 26 Motion, and the ENE. The amounts are outlined below.

| Invoice | Percentage of Requested Expenses[1] Proportionate to Contract Claims | Adjusted Totals |
|---|---|---|
| February 15, 2022<br><br>Reviewing and analyzing the Complaint | 40% of $6,300 | $2,520 |
| March 15, 2022<br><br>Preparing and filing the Answer | 40% of $5,675 | $2,270 |
| April 15, 2022<br><br>Work on Plaintiff's motion to strike affirmative defenses and preparing Rule 26 disclosure documents | 40% of $11,982.50 | $4,793 |
| May 15, 2022 | 40% of $17,832.46 | $7,132.98 |

---

[1] The Court declines to award expenses for entries billed after the May 31, 2022 ENE as the parties agreed at that time to pause litigation efforts on the contract claims.

| Review document production and preparing for the ENE | | |
|---|---|---|
| June 15, 2022<br><br>Attending the ENE and continued negotiation | 40% of $3,815 = $1,316 | $1,526 |

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for voluntary dismissal of its contract claims without prejudice, on the condition that Plaintiff pay Defendants $18,241.98 for expenses incurred to defend against those claims. The Court will enter dismissal and enter a final judgment once the condition has been satisfied.

The parties are **ORDERED** to file a joint status report regarding the outstanding payment no later than September 1, 2023. The Clerk of Court is **DIRECTED** to terminate the pending motion and defer entering final judgment on the entirety of this case until further order from the Court.

**IT IS SO ORDERED**.

Dated: July 29, 2023

Hon. Anthony J. Battaglia
United States District Judge