UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>BRAWLEY CITY COUNCIL and THE CITY OF BRAWLEY, CALIFORNIA, and DOES 1 through 5, inclusive,<br><br>        Defendants. | Case No.: 21-cv-02153-AJB-LR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>**(Doc. No. 113)** |

Before the Court is Vertical Bridge Development, LLC's ("Plaintiff") motion to retax costs. (Doc. No. 113.) Brawley City Council and the City of Brawley, California (collectively, "Defendants") filed an opposition, to which Plaintiff replied. (Doc. Nos. 115, 116.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

I. **BACKGROUND**

On December 31, 2021, Plaintiff filed a Complaint against Defendants alleging five causes of actions—three federal claims and two state law claims. (Doc. No. 1.)

1

Specifically, Plaintiff alleged federal claims under the Telecommunications Act of 1996 ("TCA") for Lack of Substantial Evidence, Discrimination Between Providers of Equivalent Services, and Declaratory Relief under 28 U.S.C. §§ 2201-2202, and state law claims for Breach of Contract and Breach of Duty of Good Faith and Fair Dealing. (*Id.*)

Upon review of the record and the parties' briefings on their respective partial motions for summary judgment on the federal claims, the Court granted judgment in Defendants' favor on the TCA claims (Doc. No. 78), and upon Plaintiff's motion to voluntarily dismiss the state claims, the Court dismissed the remaining contract claims and ordered the Clerk of Court to enter judgment consistent with its orders (Doc. Nos. 96, 97).

Defendants thereafter filed a Bill of Costs with the Clerk, seeking reimbursement of $1,694.90 in costs incurred to provide copies of certain records to opposing counsel and to the Court. (Doc. No. 103.) The Clerk taxed the entirety of the costs requested in Defendants' favor, finding them taxable under the Local Rules. (Doc. No. 111.) Plaintiff's motion to retax costs follows. (Doc. No. 113.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(d)(1) establishes that costs, other than attorneys' fees, are to be awarded to a prevailing party "as a matter of course in the ordinary case." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000). While "the rule creates a presumption in favor of awarding costs to a prevailing party," it also "vests in the district court discretion to refuse to award costs." *Id.* at 591. The court's "discretion is not unlimited," and it "must specify reasons for its refusal to award costs." *Id.* Reasons for refusing to award costs include: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; (3) the chilling effect of imposing high costs on future civil rights litigants; (4) the closeness and difficulty of the issues in the case; (5) the prevailing party's recovery was nominal or partial; (6) the losing party litigated in good faith; and (7) the case presented a landmark issue of national importance. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir.

2003). The losing party bears the burden to "show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

**III.  DISCUSSION**

Here, Plaintiff does not contest that Defendants are entitled to costs as prevailing parties on the TCA claims. Instead, Plaintiff argues that the total amount of costs awarded should be reduced by 40% because the contract claims were voluntarily dismissed and comprise 2/5 of this litigation. Plaintiff, however, cites no authority requiring the Court to apportion costs under Rule 54(d)(1) in this way. Nor does Plaintiff reference any of aforementioned reasons a court could refuse to award costs. *See Champion Produce, Inc.*, 342 F.3d at 1022. Moreover, Local Rule 54.1.b.6.a allows for taxation of costs for copies necessarily obtained for use in a case if the copies "were provided either to the court or to opposing counsel either by court order, rule or statute," or "were used as court exhibits, either admitted into evidence, or attached to a motion." Defendants' counsel submitted a declaration and invoices establishing that the $1,694.90 requested comprise costs for copying and producing documents to Plaintiff's counsel as required by Rule 26, as well as documents provided to the Court as part of the Administrative Record for the partial motions for summary judgment on the TCA claims. (Doc. Nos. 103-2, 103-3, 103-4.) The Clerk correctly found these costs necessarily obtained for use in this case and taxable under Local Rule 54.1.b.6, and Plaintiff raised no specific challenge thereto.

Based on the foregoing, the Court does not find that Plaintiff has satisfied its burden to "show why costs should not be awarded." *Save Our Valley*, 335 F.3d at 945.

**IV.  CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff's motion to retax costs. (Doc. No. 113.)

**IT IS SO ORDERED**.

Dated:  July 22, 2024

Hon. Anthony J. Battaglia
United States District Judge

3